# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GERARD A. SANCHEZ SR., | Case No.: 2:18-cv-01432-RFB-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 5] |
| VERIZON COMMUNICATIONS, INC., | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

## I. *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. In reviewing Plaintiff's first application, the Court noted several incomplete sections and, accordingly, denied Plaintiff's first application to proceed *in forma pauperis*. Docket No. 1. Plaintiff subsequently completed a second application to proceed *in forma pauperis* with complete information. Docket No. 5. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be **GRANTED** pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

…

…

1

## II. Screening Complaint

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). First, a properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In this case, Plaintiff asserts three causes of action based on Defendant's alleged improper amendment of his medical insurance under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA"). Each cause of action is addressed in turn.

A. <u>First Cause of Action: Denial of Benefits and Rights Claim</u>

ERISA provides a cause of action for plan beneficiaries to recover benefits due under a plan, to enforce rights under the plan, or to clarify their rights to future benefits under the plan's terms. 29 U.S.C. § 1132(a)(1)(B). Generally, ERISA § 502(a)(1)(B) claims have three requirements: (1) the plaintiff exhausted the plan's administrative appeals process; (2) the plaintiff is entitled to a particular benefit under the plan's terms; and (3) the plaintiff was denied that benefit. *See Id.*; *see also Amato v. Bernard,* 618 F.2d 559 (9th Cir. 1980).

In this case, Plaintiff has properly alleged some, but not all, of the required elements. The complaint sufficiently alleges the exhaustion of the plan's administrative appeals process. Docket No. 1-1 at 4. Further, Plaintiff's complaint articulates facts alleging he was denied the relevant benefit, in this case, his original insurance plan.

However, while Plaintiff's complaint provides general assertions of right to the plan, it fails to allege facts to illustrate Plaintiff is entitled to the insurance Option 33R under the plan's terms. *See* Docket No. 1-1. In part, Plaintiff failed to sufficiently allege facts showing he is entitled to the benefit because it is not clear that the benefit, insurance Option 33R, is vested. Under ERISA, post-retirement medical benefits, such as insurance plan options, are considered welfare benefits. 29 U.S.C. § 1002(1). Unlike traditional pension benefits, welfare benefits do not vest "unless and until the employer says they do." *Grosz-Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d 1154, 1160 (9th Cir. 2001). As a result, an employer is "generally free under ERISA, for any reason at any time, to adopt, modify, or terminate" welfare benefits unless "[it] contractually cedes its freedom." *Inter–Modal Rail Emps. Ass'n v. Atchison, Topeka & Santa Fe Ry. Co.,* 520 U.S. 510, 515 (1997) (quoting *Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78 (1995)).

Accordingly, only the employer is capable of vesting welfare benefits, and the terms purporting to vest welfare benefits must be stated in clear and express language contained within the plan documents. *See Vallone v. CNA Financial Corp.,* 375 F.3d 623, 632 (7th Cir. 2004); *see also Inter–Modal Rail Employees Ass'n,* 520 U.S. 510 (1997). Where the policy is silent, the Court presumes against the vesting of welfare benefits. *Vallone,* 375 F.3d at 632. If clear and express language does exist, it is often found where the employer has contractually ceded its freedom, such

as within the terms of the medical coverage agreed to, or in a collective bargaining agreement ("CBA"). *See Alday v. Rytheon Co.,* 693 F.3d. 772, 782 (9th Cir. 2012).

Nonetheless, the tenuous nature of welfare benefits is such that even language providing a monetary grant of "lifetime medical benefits" may still be modified by the employer. *See Grosz-Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d. at 1160 (discussing *McGann v. H & H Music Co.,* 946 F.2d 401 (5th Cir. 1991)). In other words, a cognizable claim under ERISA, with respect to welfare benefits, is actually one alleging that the company did not amend the benefit in a permissible way under the contract or agreement. *Schoonejongen*, 514 U.S., at 78.

Here, Plaintiff fails to set forth factual allegations pointing to clear and express language illustrating the insurance plan was vested, which would therefore, establish that Plaintiff was entitled to the benefit. *See* Docket No. 1-1. Plaintiff generally alleges that the Memorandum of Agreement between the General Telephone of California (Defendant Verizon's predecessor) and the Communication Workers of America set out his medical insurance benefits under the Employee Adjustment Income Plan. *Id.* at 2. However, Plaintiff fails include the language of the Memorandum of Agreement, and also fails to include factual allegations describing either that the language of the agreement shows the benefits have vested, or that the modification was impermissible.[1] *See Id.*. Ultimately, Plaintiff fails to allege either facts showing his entitlement to the benefit or facts explaining that the company amended the benefit in an impermissible way, such as contrary to the provisions of the CBA or the plan. *See Schoonejongen*, 514 U.S., at 78.

B. <u>Second Cause of Action: Breach of Fiduciary Duty Claim</u>

To establish a claim for breach of fiduciary duty under ERISA § 502(a)(3), a plaintiff must show that (1) the defendants are plan fiduciaries; (2) the defendants breached their fiduciary duties; and (3) a cognizable loss to the participants of the plan resulted. *See* 29 U.S.C. § 1132(a)(2); *see also Mathews v. Chevron Corp.,* 362 F.3d 1172, 1178 (9th Cir. 2004).

---

[1] The complaint alleges a previous debate regarding the coverage wherein GTE reinstated the original policy and conceded that the retirement packages did not articulate the company's ability to modify retiree medical benefits. Docket 1-1 at 4. However, the complaint seems to contradict itself, stating that GTE's 1995 determination actually stated that the Option 33R policy did not articulate the ability to modify retiree medical benefits *as clearly as it should*. *Id.* at 2 (emphasis added).

4

In the second cause of action, Plaintiff recites the purpose and intent of ERISA, vaguely alluding to an allegation of Defendant's fiduciary duty obligation. In cases charging a breach of ERISA fiduciary duty, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary at the time of the event the complaint is based upon. *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000). Generally, an employer's modification or amendment of a pension plan concerns the composition or design of the plan itself and, therefore, does not implicate the employer's fiduciary duties under ERISA. *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 443 (1999).

Plaintiff's complaint generally alleges an inappropriate change of Plaintiff's health benefit plan, but does not provide factual allegations that Defendant is the fiduciary under the ERISA § 1002(21)(A) definition, or that Defendant was acting as a fiduciary when amending the insurance plan. Finally, Plaintiff fails to allege that amending the plan breached defendant's fiduciary duty. *See* Docket No. 1-1. Without these factual allegations, the complaint falls short of a sufficiently stated claim.

### C. Third Cause of Action: For a Declaratory Judgment

The third cause of action in the complaint states neither a new, alternative cause of action, nor does it state any separate factual allegations related to a new cause of action. Docket No. 1-1 at 5.

## III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis*, Docket No. 5, is **GRANTED**. Plaintiff shall not be required to pay the filing fee.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Clerk's Office is **INSTRUCTED** to file the complaint, Docket No. 1-1, on the docket. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **October 15, 2018**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: September 14, 2018

_____
Nancy J. Koppe
United States Magistrate Judge