UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERARD A. SANCHEZ SR., <br> Plaintiff(s), <br> v. <br> VERIZON COMMUNICATIONS, INC., <br> Defendant(s). | Case No.: 2:18-cv-01432-GMN-NJK <br> **ORDER** <br> [Docket No. 9] |

Pending before the Court is Plaintiff's amended complaint. Docket No. 9. Plaintiff is proceeding in this action *pro se* and has received authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. *See* Docket Nos. 1, 7. Pursuant to 28 U.S.C. § 1915(e)(2), the Court herein screens the amended complaint to determine if a claim has been stated. *See* Docket No. 7 (identifying applicable standards). In so doing, the Court is mindful that allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**I.     Amended Complaint**

Plaintiff's amended complaint appears to assert one cause of action, alleging that Defendant improperly changed Plaintiff's Medicare primary insurance. Docket No. 9 at 3. The Court construes this allegation as a claim for denial of benefits and rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA").

1

A. Denial of Benefits and Rights Claim

ERISA provides a cause of action for plan beneficiaries to recover benefits due under a plan, to enforce rights under the plan, or to clarify their rights to future benefits under the plan's terms. 29 U.S.C. § 1132(a)(1)(B). Generally, ERISA § 502(a)(1)(B) claims have three requirements: (1) the plaintiff exhausted the plan's administrative appeals process; (2) the plaintiff is entitled to a particular benefit under the plan's terms; and (3) the plaintiff was denied that benefit. *See Id.*; *see also Amato v. Bernard,* 618 F.2d 559 (9th Cir. 1980).

Here, Plaintiff has properly alleged some, but not all, of the required elements. The amended complaint sufficiently alleges Plaintiff's exhaustion of the plan's administrative appeals process. Docket No. 9 at 2-3. Further, Plaintiff's amended complaint articulates facts demonstrating he was denied the relevant benefit, in this case, his original insurance plan. *Id*. at 3.

However, Plaintiff's amended complaint fails to allege facts that show Plaintiff is entitled to the particular benefit, in this case the insurance Option 33R, under the plan's terms. *See* Docket No. 9. Specifically, Plaintiff fails to allege facts showing he is entitled to the benefit because it is not clear that the benefit, insurance Option 33R, is vested. *Id*. Plaintiff's amended complaint alleges the GTE of California Merger with Atlantic Bell included a Memorandum of Agreement to honor and comply with previous labor agreements, but Plaintiff fails to provide the text of the Memorandum of Agreement or the previous labor agreements themselves. *Id*. at 2.

Plaintiff also alleges that his retirement package provided a supplement to "Medicare insurance" from Travelers Insurance First and United Healthcare Insurance when he became 65 years old. *Id*. at 3. Plaintiff alleges that these benefits are not "welfare benefits" because he paid $134 per month for Medicare and $15 per month for United Healthcare. *Id*.

Under ERISA, post-retirement medical benefits, such as insurance plan options, are considered welfare benefits. 29 U.S.C. § 1002(1). Unlike traditional pension benefits, welfare benefits do not vest "unless and until the employer says they do." *Grosz-Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d 1154, 1160 (9th Cir. 2001). As a result, an employer is "generally free under ERISA, for any reason at any time, to adopt, modify, or terminate" welfare benefits unless

2

"[it] contractually cedes its freedom." *Inter–Modal Rail Emps. Ass'n v. Atchison, Topeka & Santa Fe Ry. Co.,* 520 U.S. 510, 515 (1997) (quoting *Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78 (1995)). Accordingly, only the employer is capable of vesting welfare benefits, and the terms purporting to vest welfare benefits must be stated in clear and express language contained within the plan documents. *See Vallone v. CNA Financial Corp.,* 375 F.3d 623, 632 (7th Cir. 2004); *see also Inter–Modal Rail Employees Ass'n,* 520 U.S. 510 (1997). Where the policy is silent, the Court presumes against the vesting of welfare benefits. *Vallone,* 375 F.3d at 632.

Nonetheless, the tenuous nature of welfare benefits is such that even language providing a monetary grant of "lifetime medical benefits" may still be modified by the employer. *See Grosz-Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d. at 1160 (discussing *McGann v. H & H Music Co.,* 946 F.2d 401 (5th Cir. 1991)). In other words, a cognizable claim under ERISA, with respect to welfare benefits, is actually one alleging that the company did not amend the benefit in a permissible way under the contract or agreement. *Schoonejongen*, 514 U.S., at 78.

Ultimately, Plaintiff fails to allege facts showing his entitlement to the benefit or facts explaining that the company amended the benefit in an impermissible way, such as contrary to the provisions of the CBA or the plan. *See Schoonejongen*, 514 U.S., at 78. Without these factual allegations, Plaintiff's amended complaint falls short of a sufficiently stated claim.

Given Plaintiff is *pro se* status, the Court will afford one additional opportunity to cure the defects identified herein. The Court reiterates that a complaint in this context must allege that: (1) the plaintiff exhausted the plan's administrative appeals process; (2) the plaintiff is entitled to a particular benefit under the plan's terms; and (3) the plaintiff was denied that benefit. *See Id.*; *see also Amato v. Bernard,* 618 F.2d 559 (9th Cir. 1980).

**II.     Conclusion**

Accordingly, **IT IS ORDERED** that:

1. The amended complaint is hereby **DISMISSED** without prejudice. If Plaintiff believes he can cure the deficiencies noted herein, a second amended complaint shall be filed by February 14, 2019. If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make a second

3

amended complaint complete. This is because, as a general rule, amended complaints supersede the original complaint and previously-filed amended complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint and any previously-filed amended complaints no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

2. **Failure to file a second amended complaint as required herein will result in a recommendation that this case be dismissed without prejudice.**

IT IS SO ORDERED.

Dated: January 15, 2019

_____
Nancy J. Koppe
United States Magistrate Judge