UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GERARD A. SANCHEZ SR.,

  Plaintiff(s),

v.

VERIZON COMMUNICATIONS, INC.,

  Defendant(s).

Case No.: 2:18-cv-01432-GMN-NJK

**ORDER**

  Pending before the Court is Plaintiff's second amended complaint. Docket No. 11. Plaintiff is proceeding in this action *pro se* and has received authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. *See* Docket Nos. 1, 7.

**I. Screening Complaint**

  Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). First, a properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

**II. Second Amended Complaint**

Plaintiff's second amended complaint appears to assert two causes of action. Docket No. 11. Plaintiff alleges that: (1) Defendant improperly changed Plaintiff's Medicare primary insurance and, therefore, denied him benefits and rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 ("ERISA"), and (2) Defendant breached its fiduciary duty. *Id*. at 3-4.

A. Denial of Benefits and Rights Claim

ERISA provides a cause of action for plan beneficiaries to recover benefits due under a plan, to enforce rights under the plan, or to clarify their rights to future benefits under the plan's terms. 29 U.S.C. § 1132(a)(1)(B). Generally, ERISA § 502(a)(1)(B) claims have three requirements: (1) the plaintiff exhausted the plan's administrative appeals process; (2) the plaintiff

is entitled to a particular benefit under the plan's terms; and (3) the plaintiff was denied that benefit. *See id.*; *see also Amato v. Bernard,* 618 F.2d 559 (9th Cir. 1980).

Here, Plaintiff has properly alleged some, but not all, of the required elements of an ERISA claim. The second amended complaint sufficiently alleges Plaintiff's exhaustion of the plan's administrative appeals process. Docket No. 11 at 4. Further, Plaintiff's second amended complaint articulates facts demonstrating he was denied the relevant benefit, in this case, his original insurance plan. *Id.* at 3. Finally, Plaintiff submits facts that Defendant denied him his "Healthsmart" service and alleges it did so in retaliation because he complained about an improper deduction. *Id.* at 4.

However, Plaintiff's second amended complaint is deficient. Plaintiff fails to allege facts that demonstrate he is entitled to the particular benefit, in this case the insurance Option 33R, under the plan's terms. *See* Docket No. 11. Specifically, Plaintiff fails to allege facts showing that he is entitled to the benefit because it is not clear that the benefit, insurance Option 33R, is vested. *Id.* Further, Plaintiff's second amended complaint alleges that the GTE of California Merger with Atlantic Bell included a "Verbal Memorandum of Agreement" to honor and comply with previous labor agreements, but Plaintiff fails to provide something to demonstrate that the benefit is vested, such as the text of the Memorandum of Agreement or the previous labor agreements. *Id.* at 2-3. Finally, Plaintiff fails to allege any facts that support his allegation that he is entitled to the "Healthsmart" concession service, that Defendant improperly denied him that benefit, and that he exhausted the plan's administrative appeals process with respect to that benefit. *Id.* at 4.

Under ERISA, post-retirement medical benefits, such as insurance plan options, are considered welfare benefits. 29 U.S.C. § 1002(1). Unlike traditional pension benefits, welfare benefits do not vest "unless and until the employer says they do." *Grosz-Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d 1154, 1160 (9th Cir. 2001). As a result, an employer is "generally free under ERISA, for any reason at any time, to adopt, modify, or terminate" welfare benefits unless "[it] contractually cedes its freedom." *Inter–Modal Rail Emps. Ass'n v. Atchison, Topeka & Santa Fe Ry. Co.,* 520 U.S. 510, 515 (1997) (quoting *Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78 (1995)). Accordingly, only the employer is capable of vesting welfare benefits, and the

3

terms purporting to vest welfare benefits must be stated in clear and express language contained within the plan documents. *See Vallone v. CNA Financial Corp.,* 375 F.3d 623, 632 (7th Cir. 2004); *see also Inter–Modal Rail Employees Ass'n,* 520 U.S. 510 (1997). Where the policy is silent, the Court presumes against the vesting of welfare benefits. *Vallone,* 375 F.3d at 632.

Nonetheless, the tenuous nature of welfare benefits is such that even language providing a monetary grant of "lifetime medical benefits" may still be modified by the employer. *See Grosz-Salomon v. Paul Revere Life Ins. Co.,* 237 F.3d. at 1160 (discussing *McGann v. H & H Music Co.,* 946 F.2d 401 (5th Cir. 1991)). In other words, a cognizable claim under ERISA, with respect to welfare benefits, is actually one that alleges the company did not amend the benefit in a permissible way under the contract or agreement. *Schoonejongen*, 514 U.S., at 78.

Here, Plaintiff fails to allege facts showing that the benefits were vested, and, therefore, he was entitled to the benefits. Further, Plaintiff fails to demonstrate that Defendant amended the benefit in an impermissible way, such as contrary to the provisions of the collective bargaining agreement, the memorandum of agreement, or the welfare benefits plan. *See Schoonejongen*, 514 U.S., at 78. Without these specific factual allegations, Plaintiff's second amended complaint falls short of a sufficiently stated claim.

B. <u>Breach of Fiduciary Duty</u>

To establish a claim for breach of fiduciary duty under ERISA § 502(a)(3), a plaintiff must show that (1) the defendant is a plan fiduciary; (2) the defendant breached its fiduciary duties; and (3) a cognizable loss to the participants of the plan resulted. *See* 29 U.S.C. § 1132(a)(2); *see also Mathews v. Chevron Corp.,* 362 F.3d 1172, 1178 (9th Cir. 2004).

Here, Plaintiff provides no facts to demonstrate that Defendant is the plan fiduciary, that it breached its fiduciary duty, or that he suffered a cognizable loss as a result. *See* Docket No. 11 at 4. Plaintiff generally alleges an inappropriate change of his health benefits, but does not provide factual allegations that demonstrate the elements of a claim for breach of fiduciary duty. *Id*. Without these specific factual allegations, Plaintiff's second amended complaint falls short of a sufficiently stated claim.

. . .

4

## II. Conclusion

Accordingly, **IT IS ORDERED** that:

1. The second amended complaint is hereby **DISMISSED** without prejudice. If Plaintiff believes he can cure the deficiencies noted herein, a third amended complaint shall be filed by September 11, 2019. If Plaintiff chooses to further amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make a third amended complaint complete. This is because, as a general rule, amended complaints supersede the original complaint and previously-filed amended complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint and any previously-filed amended complaints no longer serve any function in the case. Therefore, in an amended complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

2. **Failure to file a third amended complaint as required herein will result in a recommendation that this case be dismissed without prejudice.**

IT IS SO ORDERED.

Dated: August 12, 2019

_____
Nancy J. Koppe
United States Magistrate Judge